1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

LAWRENCE J PETITTA,

    Petitioner,

  v.

P COVELLA,

    Respondent.

Case No.  19-cv-03686-HSG

**ORDER OF DISMISSAL**

   Petitioner, a state prisoner incarcerated at Richard J. Donovan Correctional Facility, has filed a *pro se* petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 challenging a sentence from Santa Clara County Superior Court.  The Court dismissed the initial petition with leave to amend.  Dkt. No. 4.  His amended petition (Dkt. No. 7) is now before the Court.

### BACKGROUND

   According to the amended petition, in or around July 25, 2013, Petitioner pled guilty to second degree robbery.  Dkt. No. 7 at 1–2.  Petitioner was sentenced to a term of thirteen years in state prison, at eighty-five percent.  Dkt. No. 7 at 1.

### STANDARD OF REVIEW

   This Court may entertain a petition for writ of habeas corpus "in behalf of a person in custody pursuant to the judgment of a State court only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States."  28 U.S.C. § 2254(a).  A district court considering an application for a writ of habeas corpus shall "award the writ or issue an order directing the respondent to show cause why the writ should not be granted, unless it appears from the application that the applicant or person detained is not entitled thereto."  28 U.S.C. § 2243.

**DISCUSSION**

In his original petition, Petitioner sought federal habeas relief on the grounds that (1) he was improperly denied 655 presentence conduct days under section 2933.1 of the California Penal Code; (2) he was improperly denied 80% post-sentence conduct credit; and (3) Section 667.5(c)(9) of the California Penal Code is void for vagueness. Dkt. No. 1. The Court dismissed Claim No. 1 because it alleged a violation of state law, and the federal habeas writ is unavailable for violations of state law. The Court dismissed Claim No. 3 because Section 667.5(c)(9) is not unconstitutionally vague. The Court dismissed Claim No. 2 with leave to amend to explain how the state court's denial of post-sentence conduct credit violated the federal constitution or federal laws. Dkt. No. 4 at 2-4.

In the amended petition, petitioner again alleges that he is entitled to federal habeas relief because he was denied 80% post-sentence conduct credit. Dkt. No. 7 at 8. Petitioner argues that this denial violated his due process rights because (1) the state court applied Section 2933.1 of the California Penal Code which the United States Supreme Court has found to be ambiguous as it applies to equality in sentencing, citing to *In re Reeves*, 35 Cal. 4th 765 (Cal. 2005); and (2) the state court failed to compare his second degree robbery to other enumerated crimes of violence, thereby denying petitioner his due process right to a proportionate sentence and violating the "equal sentencing clause" of the Fourteenth Amendment, citing to *In re Lynch*, 8 Cal.3d 410, 427 (Cal. 1972), *In re Thomas*, 90 Cal. Rptr. 2d 642 (Cal. Ct. App. 1999); *In re Philpot*, 122 Cal. App. 4th 893 (Cal. Ct. App. 2004).

Petitioner fails to state a cognizable claim for federal habeas relief. Petitioner's claim is a claim of state law sentencing error. Petitioner has only cited to state caselaw. The cases cited only discuss how California courts should apply state sentencing law and make no reference to either federal law or the federal Constitution. In addition, Petitioner's references to federal law and the federal Constitution are inaccurate. *Reeves* does not discuss federal caselaw; the Fourteenth Amendment does not have an "equal sentencing clause;" and *Lynch*, *Thomas*, and *Philpot* do not reference the Fourteenth Amendment.

As explained in the Court's prior order of dismissal, federal habeas relief is unavailable for

violations of state law or for alleged error in the interpretation or application of state law. *Swarthout*, 562 U.S. at 219. In addition, an allegation that a state court has incorrectly applied state sentencing law fails to state a cognizable federal habeas claim. Federal courts must defer to the state courts' interpretation of state sentencing laws. *See Bueno v. Hallahan*, 988 F.2d 86, 88 (9th Cir. 1993). "Absent a showing of fundamental unfairness, a state court's misapplication of its own sentencing laws does not justify federal habeas relief." *Christian v. Rhode*, 41 F.3d 461, 469 (9th Cir. 1994); *see, e.g., Miller v. Vasquez*, 868 F.2d 1116, 1118–19 (9th Cir. 1989) (whether assault with deadly weapon qualifies as "serious felony" under California's sentence enhancement provisions, Cal. Penal Code §§ 667(a) and 1192.7(c)(23), is question of state sentencing law and does not state federal constitutional claim).

The amended petition appears to also allege an Eighth Amendment proportionality claim, namely that when the sentencing court granted petitioner 80% post-sentence conduct credit instead of 85%, the sentencing court rendered petitioner's sentence disproportionate to his crime. This claim does not appear to have been exhausted and also fails on the merits. While the Eighth Amendment contains a "narrow" proportionality principle, this principle "'does not require strict proportionality between crime and sentence' but rather 'forbids only extreme sentences that are grossly disproportionate to the crime.'" *Graham v. Florida*, 560 U.S. 48, 59-60 (2010). "[O]utside the context of capital punishment, successful challenges to the proportionality of particular sentences will be exceedingly rare." *Solem v. Helm*, 463 U.S. 277, 289-90 (1983); *see also Crosby v. Schwartz*, 678 F.3d 784, 795 (9th Cir. 2012) ("Circumstances satisfying the gross disproportionality principle are rare and extreme, and constitutional violations on that ground are 'only for the extraordinary case.'") (citing *Lockyer v. Andrade*, 538 U.S. 63, 77 (2003)). Not surprisingly, the threshold for an "inference of gross disproportionality" is quite high. *See, e.g., Ewing v. Calif.*, 538 U.S. 11, 29-31 (2003) (sentence of twenty-five years to life for conviction of grand theft with prior convictions was not grossly disproportionate); *Harmelin v. Michigan*, 501 U.S. 957, 1005 (1991) (mandatory sentence of life without possibility of parole for first offense of possession of 672 grams of cocaine did not raise inference of gross disproportionality). Substantial deference is granted to legislatures' determination of the types and limits of

punishments for crimes. *See United States v. Gomez*, 472 F.3d 671, 673-74 (9th Cir. 2006) (finding that Congress's decision to grant a reprieve from statutory minimums only to certain categories of criminal defendants does not violate the Eighth Amendment). The state court's determination, pursuant to its interpretation of state sentencing law, that petitioner was entitled to only 80% post-sentence conduct instead of 85% post-sentence conduct credit, does not lead to an inference of gross disproportionality.

The Court DISMISSES the amended petition for failure to state a cognizable claim for federal habeas relief. This dismissal is with prejudice because no tenable claim for relief can be pleaded were leave to amend granted. *Jarvis v. Nelson*, 440 F.2d 13, 14 (9th Cir. 1971) (habeas petition should not be dismissed without leave to amend unless it appears that no tenable claim for relief can be pleaded were such leave granted).

## CERTIFICATE OF APPEALABILITY

The federal rules governing habeas cases brought by state prisoners require a district court that issues an order denying a habeas petition to either grant or deny therein a certificate of appealability. *See* Rules Governing § 2254 Case, Rule 11(a). A judge shall grant a certificate of appealability "only if the applicant has made a substantial showing of the denial of a constitutional right," 28 U.S.C. § 2253(c)(2), and the certificate must indicate which issues satisfy this standard. *Id.* § 2253(c)(3). "Where a district court has rejected the constitutional claims on the merits, the showing required to satisfy § 2253(c) is straightforward: [t]he petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). Here, petitioner has not made such a showing, and, accordingly, a certificate of appealability will be denied.

## CONCLUSION

For the reasons stated above, the Court DISMISSES the amended petition for a writ of habeas corpus for failure to state a cognizable claim for federal habeas relief and DENIES a certificate of appealability.

//

//

The Clerk shall enter judgment in favor of respondent and close the file.

**IT IS SO ORDERED.**

Dated: 9/16/2019

_____
HAYWOOD S. GILLIAM, JR.
United States District Judge